IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNDA JENKINS, and ) <br> D.D. and K.D., minors, by and through their ) <br> mother, KIMBERLY WILLIAMS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SAINT LOUIS COUNTY POLICE DEPT., and ) <br> J. CRANCER, ) <br> ) <br> Defendants. ) | Case No. <br><br> **Jury Trial Demanded** |

# COMPLAINT

## Facts Common to All Counts

1.      This is an action for money damages brought pursuant to 42 U.S.C. Sec. 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; Article 1, Sections 10 and 15 of the Missouri Constitution; and Missouri common law.   It is brought against St. Louis County and J. Crancer in his individual and official capacities.

2.      Jurisdiction is based on 28 U.S.C. Sec. 1331 and 1343 and on the pendent jurisdiction of this Court to entertain claims arising under state law.

3.      Plaintiff Lynda Jenkins was at all material times an adult resident of Chicago, Illinois.

4.      Plaintiff D.D. was at all material times a minor resident of the Eastern District of Missouri who brings suit by and through her mother, Kimberly Williams.

5.      Plaintiff K.D. was at all material times a minor resident of the Eastern District of Missouri who brings suit by and through her mother, Kimberly Williams.

6.      Defendant St. Louis County Police Department is a county police department

located in the Eastern District of Missouri.

7. Defendant J. Crancer is an individual who at all material times was employed by Defendant Department and was acting under color of state law. He is sued in his individual and official capacities.

8. On or about August 5, 2009, Plaintiffs were in the lobby of the St. Louis County Justice Center preparing to visit their brother.

9. In the Justice Center, Defendant Crancer rudely accosted Plaintiff Jenkins, asking her what she had just done to Plaintiff D.D.

10. Both Plaintiff Jenkins and Plaintiff D.D. told Defendant Crancer that they had been playing and that nothing was the matter.

11. Defendant Crancer responded with a vulgarity and proceeded to threaten Plaintiff D.D. and K.D. with detention if they did not implicate Plaintiff Jenkins in an assault of Plaintiff D.D. Plaintiffs refused to accede to Defendant Crancer's improper demand.

12. Defendant Crancer subsequently separated Plaintiffs and questioned/threatened each individually.

13. Other police officers arrived and handcuffed Plaintiff Jenkins, who, at Defendant Crancer's behest, was taken to the Clayton, Missouri police station where she was incarcerated for approximately twenty-four (24) hours.

14. Meanwhile, Plaintiffs D.D. and K.D. were sitting on opposite sides of a bench as ordered by Defendant Crancer.

15. Another police officer told Plaintiff K.D. that she could move by her sister, Plaintiff D.D., and Plaintiff K.D. did so.

16. Defendant Crancer then approached both Plaintiffs D.D. and K.D. in an angry

fashion. He grabbed Plaintiff K.D.'s arm to wrench her from her seat, tearing a muscle in her arm.

17. Defendant Crancer then roughly handcuffed both Plaintiffs K.D. and D.D.

18. Plaintiffs' mother soon arrived at the Justice Center, and Plaintiffs K.D. and D.D. were released from handcuffs.

19. Plaintiffs, each of them, were arrested without just cause.

20. At no time during the events described above were Plaintiffs a threat to their own safety or the safety of others, or disorderly. At no time did they resist or assault any Defendant in any way.

21. Defendants had no warrant for the arrests of Plaintiffs, no probable cause for their arrests and no legal cause or excuse to seize them.

22. The force Defendants used against Plaintiffs was unnecessary, unreasonable and excessive.

23. No criminal charges ever were filed against any Plaintiff as a result of any incident on August 5, 2009.

24. As a direct and proximate result of the aforesaid acts committed by Defendants, Plaintiffs suffered the following injuries and damages:

    a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under Article 1, Sections 10 and 15 of the Missouri Constitution, to be free from an unreasonable search and seizure of their home and persons;

    b. Loss of their physical liberty; and

    c. Physical pain and suffering and emotional trauma and suffering.

25. The actions of Defendants violated the following clearly established and well-settled federal and state constitutional rights of Plaintiffs:

    a. Freedom from unreasonable search and seizure of their persons;

    b. Freedom from unlawful arrest and imprisonment; and

    c. Freedom from the use of excessive, unreasonable and unjustified force against their persons.

26. The actions of all Defendants, as described above and below, were outrageous because of their evil motive or reckless indifference to the rights of Plaintiffs.

## Count I: 42 U.S.C. Sec. 1983 Against Defendant Crancer

27. Plaintiffs incorporate by reference paragraphs 1-26 as though fully set forth herein.

28. Plaintiffs claim damages for the injuries set forth above, under 42 U.S.C. Sec. 1983, against Defendant Crancer for violation of Plaintiffs' constitutional rights under color of law.

29. Plaintiffs demand a jury trial on this Count.

WHEREFORE, Plaintiffs request the Court:

a. Award compensatory damages to each Plaintiff and against Defendant Crancer, with interest;

b. Award Plaintiffs punitive damages in an amount sufficient to deter Defendant and others from similar conduct;

c. Award Plaintiffs the costs of this action;

d. Award Plaintiffs their reasonable attorney fees and costs; and

e. Award such other and further relief as the Court deems just.

## Count II: Missouri Constitutional Claims Against Defendant Crancer

30. Plaintiffs incorporate by reference paragraphs 1-26 as though fully set forth herein.

31. Plaintiffs claim damages for the injuries set forth above against Defendant Crancer for violation of Plaintiffs' rights under the Missouri Constitution, in particular Article 1, Sections 10 and 15 thereof.

32. Plaintiffs demand a jury trial on this Count.

WHEREFORE, Plaintiffs request the Court:

a. Award compensatory damages to each Plaintiff and against Defendant Crancer, with interest;

b. Award Plaintiffs punitive damages in an amount sufficient to deter Defendant and others from similar conduct;

c. Award Plaintiffs the costs of this action;

d. Award Plaintiffs their reasonable attorney fees and costs; and

e. Award such other and further relief as the Court deems just.

## Count III: 42 U.S.C. Sec. 1983 Against Defendant Department

33. Plaintiffs incorporate by reference paragraphs 1-26 as though fully set forth herein.

34. Prior to August 5, 2009, Defendant Department developed and maintained policies or customs exhibiting indifference to the constitutional rights of persons in St. Louis County, which caused the violations of Plaintiffs' rights as aforesaid.

35. It was the policy and/or custom of Defendant Department to inadequately and improperly investigate citizen complaints of department misconduct, and acts of misconduct were instead tolerated by Defendant Department.

36. It was the policy and/or custom of Defendant Department to inadequately supervise and train its officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. Defendant Department did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

37. As a result of the above-described policies and customs, officers in Defendant Department, including Defendant Crancer, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

38. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant Department to the constitutional rights of persons within St. Louis County, and were the cause of the violations of Plaintiffs' rights alleged herein.

39. Plaintiffs demand a jury trial on this Count.

WHEREFORE, Plaintiffs request the Court:

a. Award compensatory damages to each Plaintiff against Defendant Department, with interest;

b. Award Plaintiffs the costs of this action;

c. Award Plaintiffs their reasonable attorney fees and costs; and

d. Award such other and further relief as the Court deems just.

### Count IV: Assault and Battery Against Defendant Crancer

40. Plaintiffs incorporate by reference paragraphs 1-26 as though fully set forth herein.

41. Defendant Crancer assaulted and battered Plaintiffs.

42. As a result of this assault and battery, Plaintiffs suffered damages as aforesaid.

43. Plaintiffs demand a jury trial on this Count.

WHEREFORE, Plaintiffs request the Court:

a. Award compensatory damages to each Plaintiff and against Defendants Crancer, with interest;

b. Award Plaintiffs punitive damages in an amount sufficient to deter Defendant and others from similar conduct;

c. Award Plaintiffs the costs of this action;

d. Award Plaintiffs their reasonable attorney fees and costs; and

e. Award such other and further relief as the Court deems just.

### Count V: False Arrest Against Defendant Crancer

44. Plaintiffs incorporate by reference paragraphs 1-26 as though fully set forth herein.

45. Defendant Crancer falsely arrested Plaintiffs.

46. As a result of this false arrest, Plaintiffs suffered the aforesaid damages.

47. Plaintiffs demand a jury trial on this Count.

WHEREFORE, Plaintiffs request the Court:

a. Award compensatory damages to each Plaintiff and against Defendant Crancer, with interest;

b. Award Plaintiffs punitive damages in an amount sufficient to deter Defendant and others from similar conduct;

c. Award Plaintiffs the costs of this action;

d. Award Plaintiffs their reasonable attorney fees and costs; and

e. Award such other and further relief as the Court deems just.

### Count VI: Illegal Imprisonment Against Defendants

48. Plaintiff Jenkins incorporates by reference paragraphs 1-26 as though fully set forth

herein.

49. Defendants illegally imprisoned Plaintiff Jenkins.

50. As a result of this false arrest and illegal imprisonment, Plaintiff Jenkins suffered the aforesaid damages.

51. Plaintiff Jenkins demands a jury trial on this Count.

WHEREFORE, Plaintiff Jenkins requests the Court:

a. Award compensatory damages to her and against Defendants, jointly and severally, with interest;

b. Award her punitive damages in an amount sufficient to deter Defendant Crancer and others from similar conduct;

c. Award her the costs of this action;

d. Award her reasonable attorney fees and costs; and

e. Award such other and further relief as the Court deems just.

Respectfully submitted,

LIBERMAN, GOLDSTEIN & KARSH

/s/ Eli Karsh

_____

Eli Karsh, #47524
230 S. Bemiston Ave., Suite 1200
St. Louis, Missouri 63105
(314) 862-3333, ext. 13
(314) 862-0605, facsimile
elikarsh@aol.com

Attorney for Plaintiffs